# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RILEY HICKMAN** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **NO. 13-351** |
| | * | |
| **EXXON MOBIL CORPORATION, ET AL.** | * | **SECTION "L" (5)** |

## ORDER AND REASONS

Before the Court is a Motion, filed on behalf of Plaintiff Riley Hickman, seeking remand of this matter to the 32nd Judicial District Court for the Parish of Terrebonne. (R. Doc. 9). The Court has reviewed the parties' submissions and the applicable law and is now ready to rule. For the following reasons, the Court will grant Plaintiff's Motion.

The parties agree that the question before the Court is one of fraudulent joinder: whether Plaintiff has a reasonable possibility of success in pursuit of its state law claims against either of two forum defendants. The Defendants argue that Defendant Sunset Petroleum, Inc. ceased to be susceptible to suit when it was judicially dissolved effective January 4, 2012. The Plaintiff argues that Louisiana law provides for law suits against dissolved corporations within a three-year peremptive period.

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See also Smallwood v. Illinois Cent. R.R. Co., Inc.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Courts construe any ambiguities against removal and in favor of remand, because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). In the present case, the parties do not dispute that this matter meets the amount-in-controversy requirement. Nor is there any dispute that because there are Louisiana citizens on both sides of the litigation, complete diversity does not exist on the face of the pleadings. The latter fact, however, will not defeat diversity jurisdiction if the non-diverse parties have been fraudulently joined. *See, e.g.*, *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997). "[T]he Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." 14 Charles Alan Wright et al., Federal Practice and Procedure § 3641, at 173 (3d ed. 1998) (alteration in original) (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176 (1907)).

This dispute turns on the proper interpretation of § 12:148 of the Louisiana Revised Statutes, which deals with post-dissolution proceedings. Subsection (C) reads as follows: "Upon issuance of the certificate of dissolution, the corporate existence shall cease as of the effective date stated in the certificate, except for the sole purpose of any action or suit commenced

theretofore by, or commenced timely against, the corporation."  La. Rev. Stat. Ann. § 12:148(C).

The Court need look no further than the language of the statute itself to determine that actions

"timely commenced" against a dissolved corporation may proceed.[1]  *Id.*  The limitations on

timeliness will depend on the nature of the action and on the three-year peremptive period

established by § 12:147(D).  Here, the Court finds that Plaintiff's action, which was filed on

January 22, 2012, or within weeks of the judicial dissolution and of Plaintiff's diagnosis, was

timely filed within the three-year peremptive period and other applicable periods.  Defendants

have therefore failed to carry their heavy burden in attempting to show that the Plaintiff

fraudulently joined Sunset Petroleum, Inc.  Because of this conclusion, the Court need not

address the parties' arguments relative to Defendant Al Cunningham: a single, validly joined

forum defendant is sufficient to destroy complete diversity and prevent the exercise of this

Court's removal jurisdiction.  Accordingly, the Court will grant Plaintiff's Motion.

 For the foregoing reasons, **IT IS ORDERED** that the Plaintiff's Motion seeking

remand (R. Doc. 9) be and is hereby **GRANTED**.  **IT IS FURTHER ORDERED** that this

matter be remanded to the 32nd Judicial District Court for the Parish of Terrebonne.

 New Orleans, Louisiana, this 4th day of June, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1]The Court agrees with Plaintiff's observation that the Defendants' interpretation of the statute effectively reads the phrase "or commenced timely against" out of the statute.